# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 21-00236 LEK-WRP |
| CASE NAME: | AT ML Leasehold HI, LLC vs. RCSH Operations, Inc. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 11/29/2021 |

COURT ACTION:  EO: COURT ORDER INFORMING THE PARTIES OF THE COURT'S RULINGS ON AT ML LEASEHOLD HI, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

  Before the Court is Plaintiff/Counterclaim Defendant AT ML Leasehold HI, LLC's ("AT ML") Motion for Judgment on the Pleadings ("Motion"), filed on September 3, 2021.  [Dkt. no. 28.]  The Motion came on for hearing on October 29, 2021.  The parties are hereby informed that the Motion is GRANTED IN PART AND DENIED IN PART.

  AT ML filed its Complaint on May 18, 2021, and Defendant/Counterclaimant RCSH Operations, Inc. ("RCSH" or "Ruth's Chris") filed its Answer and Affirmative Defenses ("Answer"), which included a Counterclaim, on June 14, 2021.  [Dkt. nos. 1, 11.]  In the instant Motion, AT ML seeks judgment on the pleadings as to all claims in the Counterclaim.

**I.**  **Counterclaim Waiver**

  AT ML first argues it is entitled to judgment on the pleadings because the parties' lease contains a counterclaim waiver.  See Complaint, Exh. 1 (The Shops at Mauna Lani Kohala Coast, Hawaii; Shopping Center Lease by and between Aloha Investment Group III, L.L.C., as landlord, and Lava Coast Steak House, LLC, as tenant, dated 9/6/05 ("Lease")) at 34-35 (§ 18.18).  The construction and legal effect of the counterclaim waiver provision are questions of law, and this Court concludes that the waiver is enforceable because it is clear that the parties, both of which are sophisticated business entities, agreed to the waiver.  See Joy A. McElroy, M.D., Inc. v. Maryl Grp., Inc., 107 Hawai`i 423, 430, 114 P.3d 929, 936 (Ct. App. 2005).  However, this Court predicts that the Hawai`i Supreme Court would hold that an agreed-upon counterclaim waiver is not enforceable as to compulsory counterclaims.  See Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011) (stating that, in the absence of a decision from the state's highest court, "a federal court must predict how the highest state court would decide the issue" (citation and quotation marks omitted)); see also, e.g., Banque Indosuez v. Trifinery, 817 F. Supp. 386, 387 (S.D.N.Y. 1993) ("It is not fair to enforce the contractual

waiver of defendants' counterclaim if that counterclaim is compulsory under [Fed. R. Civ. P.] 13(a)."). This Court therefore concludes that the counterclaim waiver in the Lease is generally enforceable, but it is not enforceable as to compulsory counterclaims.

Counterclaim Count VIII, RCSH's claim seeking declaratory relief, is not an independent cause of action because it is merely a request for a remedy, and it is duplicative of the remedies sought in other claims within the Counterclaim. See Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc., 870 F. Supp. 2d 1015, 1028 n.1 (D. Hawai`i 2012) (citing Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.") (citation and quotation marks omitted)). Counterclaim Count VIII therefore is not a compulsory counterclaim.

The remaining claims in RCSH's Counterclaim satisfy "'the liberal "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence."'" See Liberty Dialysis-Hawaii LLC v. Kaiser Found. Health Plan, Inc., Civ. No. 17-00318 JMS-RLP, 2018 WL 1801794, at *7 (D. Hawai`i Apr. 16, 2018) (quoting Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987) (citing Moore v. N.Y. Cotton Exch., 270 U.S. 593, 610 (1926))). This Court therefore concludes that the claims in the Counterclaim – with the exception of Counterclaim Count VIII – are compulsory counterclaims, and the counterclaim waiver in the Lease does not apply to those claims. With regard to the argument that AT ML is entitled to judgment on the pleadings based on the counterclaim waiver in the Lease, the Motion is GRANTED as to Counterclaim Count VIII, and DENIED as to the other claims in the Counterclaim.

## II.     Economic Loss Rule

AT ML next argues that some of the remaining claims in the Counterclaim must be dismissed under the economic loss rule. See Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 115 Hawai`i 232, 285-86, 167 P.3d 225, 278-79 (2007) (describing the development of the economic loss rule in Hawai`i). The economic loss rule only precludes tort claims, *i.e.*, the rule does not preclude non-tort claims. See Francis v. Lee Enters., Inc., 89 Hawai`i 234, 235, 971 P.2d 707, 708 (1999) ("Hawai`i law will **not** allow **tort recovery** in the absence of conduct that (1) violates a duty that is independently recognized by principles of tort law and (2) transcends the breach of the contract." (first emphasis in original)).

Conversion is a tort claim under Hawai`i law. See, e.g., Yoneji v. Yoneji, 136 Hawai`i 11, 16, 354 P.3d 1160, 1165 (Ct. App. 2015) (defining conversion and listing the elements of a conversion claim). RCSH argues Counterclaim Count V, its conversion claim, is not subject to the economic loss rule because there is an independent duty not to take property without legal authority, and that duty is independent of any contractual duty. [Mem. in Opp., filed 10/11/21 (dkt. no. 31), at 10-11 (citing Ares Funding, L.L.C. v. MA Maricopa, L.L.C., 602 F. Supp. 2d 1144, 1149 (D. Ariz. 2009)).] This argument is rejected because it is not supported by Hawai`i law. The Motion is GRANTED, insofar

as AT ML is entitled to judgment on the pleadings as to Counterclaim Count V.

The remaining claims in the Counterclaim appear to sound in contract, and therefore those claims are not barred by the economic loss rule. The Motion is DENIED as to Counterclaim Counts I, II, III, IV, VI, and VII.

A written order will follow that will supersede these rulings. If any party wishes to file a motion for reconsideration, it must wait until the written order is filed to do so.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager